UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SOLÉ RESORTS, S.A., DE C.V.,                :
                                            :
            Petitioner,                     :   05 Civ. 978 (JSR)
                                            :
    -v-                                     :   OPINION AND ORDER
                                            :
ALLURE RESORTS MANAGEMENT, LLC,             :
                                            :
            Respondent.                     :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

On November 3, 2003, respondent Allure Resorts Management, LLC ("Allure"), a limited liability corporation organized under the laws of the Turks & Caicos with its principal offices in the Dominican Republic, see Declaration of Benny Guevara, April 8, 2005 ("Guevara Decl."), at ¶ 5, commenced an arbitration proceeding in Miami, Florida against petitioner Solé Resort, S.A. de C.V. ("Solé"), a Mexican company, alleging breach of a Management Agreement that it had entered into with petitioner in October, 2002, see Petition ¶¶ 1, 6. Under that Management Agreement, Allure had agreed to provide management services to a resort owned by Solé in Tulum, Mexico. See id. On December 21, 2004, an arbitration panel of the American Arbitration Association found in favor of Allure and awarded it $2,157,653.08 in future profits. See id. ¶ 3. Thereafter, on January 28, 2005, Solé brought this petition to vacate the arbitrators' award on the ground that the arbitrators "manifestly disregarded the applicable law in awarding damages and the amount of

its award is arbitrary and capricious." Petition ¶ 4.[1]  On April 12, 2005, Allure moved to dismiss the petition for lack of personal jurisdiction.  For the following reasons, the Court grants the motion and dismisses the petition.

Petitioner bears the burden of showing that the Court has jurisdiction over the respondent.  See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). However, "[w]here, as here, [the C]ourt relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant."  DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999), in turn quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). Such a showing must be made by alleging facts, not simply conclusions, but the Court "construe[s] jurisdictional allegations liberally and take[s] as true uncontroverted factual allegations."

---

[1] Although the parties to this action are foreign, the arbitration award is the judgment of a domestic arbitration panel seated in Miami, Florida.  See Petition at 1.  Therefore, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, under which petitioner purports to bring this action, is not actually implicated; rather, the matter is governed by the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, et seq., generally, and by 9 U.S.C. § 10 specifically, which pertains to motions to vacate domestic arbitration awards.  Accordingly, the Court will proceed as if petitioner had pled under section 10 of the FAA.

2

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (internal citations omitted).

Under section 10 of the FAA, see footnote 1, supra, "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration [in any of five enumerate situations]." 9 U.S.C. § 10(a). It is unclear from this language, however, whether the power to vacate the award is exclusive to the district where the award is made. In Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193 (2000), the Court concluded that the venue provisions of the FAA are permissive, such that a motion to confirm, vacate, or modify an arbitration award need not be brought only in the district in which the award was made. See id. at 195, 204. If, however, the motion to vacate is brought in a district other than the district where the award was made, there must be an independent basis for asserting subject matter jurisdiction, see In re Harry Hoffman Printing, Inc. v. Graphic Communications, International Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990), and the Court now finds, an independent basis for asserting personal jurisdiction. Otherwise, the effect would be to eliminate personal jurisdiction as a requirement altogether.

As to the case at bar, Solé contends this Court has personal jurisdiction based upon the New York long-arm statute, N.Y. C.P.L.R. § 302, in particular, sections 302(a)(1) and 302(a)(3). See

Memorandum of Law of Petitioner Solé Resort, S.A. de C.V. in Opposition to Respondent's Motion to Dismiss ("Pet. Opp.") at 8, 12.[2]

Under section 302(a)(1) of New York's long-arm statute,[3] a court may exercise personal jurisdiction over any non-resident defendant if (1) that defendant "transacts any business within the state" and (2) the claim arises from those business transactions. See N.Y. C.P.L.R. § 302(a)(1); Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004). Whatever may be said about the first prong,[4] here it cannot be said that a substantial nexus exists

---

[2] Although Solé's petition avers, in conclusory form, that there are other bases for personal jurisdiction, petitioner's motion papers argue only that Allure is subject to personal jurisdiction under N.Y. C.P.L.R. § 302.

[3] Section 302(a)(1) provides, in pertinent part, that

> [a]s to a cause of action arising from any of the acts enumerated . . . a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state.

N.Y. C.P.L.R. § 302(a)(1) (McKinney 2005).

[4] Numerous factors are considered in determining whether a foreign defendant transacts business in New York, such as:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law

4

between Solé's contacts with New York and the claim made in the instant petition. See McGowan v. Smith, 419 N.E.2d 321, 322-23 (N.Y. 1981). In other words, whatever contacts with New York plaintiff Solé may have had with respect to the underlying dispute that was before the arbitrators (and such contacts were quite limited), the claim that Solé now seeks to lodge with this Court relates to the allegedly unlawful conduct of the arbitrators themselves -- and none of Solé's alleged New York contacts has anything to do with the arbitrators' allegedly arbitrary and capricious determinations and allegedly manifest disregard of the law, which occurred entirely in Florida.

Thus, in the context of determining venue for a petition to vacate, the Court in Crow Construction Co. v. Jeffrey M. Brown Assocs., Inc., No. 01 Civ. 3839, 2001 U.S. Dist. LEXIS 13392 (S.D.N.Y. Aug. 31, 2001), noted that

> the location of the events giving rise to the
> arbitrated dispute is not the focus . . . . The Court
> must look at what the arbitrators did and whether
> their actions warrant vacation under § 10. The
> arbitrators' actions are considered to have occurred
> where the arbitration was held, even if the
> arbitrators also acted elsewhere in connection with
> the arbitration.

---

> clause is in any such contract; and (iv)
> whether the contract requires franchisees to
> send notices and payments into the forum
> state or subjects them to supervision by the
> corporation in the forum state.

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996) (internal citations omitted) (cited in Sunward Elecs., 362 F.3d at 22-23).

5

Crow Construction, 2001 U.S. Dist. LEXIS 13392, at *12. So too, here, in the context of determining whether § 302(a)(1) of the C.P.L.R. provides personal jurisdiction, it is clear that the relevant contacts are those meaningfully related to the relief sought by petitioner -- i.e., the actions of arbitrators, all of which occurred in Florida. See Petition at 1.[5]

Petitioner also seeks to rest personal jurisdiction on N.Y. C.P.L.R. § 302(a)(3), which provides that the Court may exercise personal jurisdiction over a nondomiciliary if that person "commits a tortious act without the state causing injury to person or property within the state" and that party either (1) regularly does or solicits business or derives substantial revenue from goods or services in the state, or (2) expects or should reasonably expect the act to have consequences in the state and derives revenue from interstate or international commerce. But the alleged tort upon which petitioner here relies -- that Allure sent a fraudulent communication to New York -- is of no consequence, as the arbitration

---

[5] Although Solé makes a half-hearted attempt to claim some of the arbitration occurred in New York, this relates not to the arbitrators' challenged actions, but to the fact that three depositions of Allure's representatives took place in New York because of unforeseen weather conditions that prevented travel to Miami. See Reply Memorandum of Respondent Allure Resorts Management, LLC in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction at 4-5. In any event, attendance at depositions in New York is not sufficient by itself to establish personal jurisdiction under § 302. See Weiss v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A., 85 A.D.2d 861, 861 (N.Y. App. Div. 1981).

6

panel already determined that Allure was not guilty of that alleged misrepresentation, see Arbitration Award at 7-8, attached as Exhibit D to Declaration of Kenneth Schacter, Esq., April 25, 2005, and Solé has not challenged this determination in this suit.

Accordingly, respondent's motion to dismiss for lack of personal jurisdiction is hereby granted and the case dismissed. Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
October 12, 2005